# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| PHOENIX ASSOCIATES, INC., | : Civil Action No. 2:26-cv-00089 |
| *Plaintiff*, | : |
| v. | : |
| SMG LAND DEVELOPMENT, LLC, BANK OF HINDMAN, GREG ISAAC as Trustee for the Bank of Hindman, SPINNAKER INSURANCE COMPANY, SHERIFF OF WOOD COUNTY, and OTIS BAKER a/k/a JOHN DOE, | : |
| *Defendants*. | : |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441, Defendant Spinnaker Insurance Company ("Spinnaker"), by and through its undersigned counsel, hereby files this Notice of Removal, removing this civil action pending in the Circuit Court of Wood County, West Virginia, bearing Civil Action No. 26-C-22, to the United States District Court for the Southern District of West Virginia. The grounds for removal are as follows:

1. Plaintiff Phoenix Associates, Inc. ("Phoenix") commenced an action in the Circuit Court of Wood County, West Virginia. That lawsuit is identified in that court as *Phoenix Associates, Inc. v. SMG Land Development, LLC, et al.* (the "State Court Action").

2. In the State Court Action, Phoenix seeks, *inter alia*, a declaration that it is entitled to coverage under a commercial cyber policy issued by Spinnaker to Phoenix for a social engineering incident in which a fraudster impersonated Phoenix staff and tricked Phoenix's customer, Defendant SMG Land Development, LLC ("SMG"), to issue a substantial payment into

the fraudster's bank account instead of Phoenix's. Phoenix also alleges causes of action for breach of contract, arbitration, enforcement of mechanic's lien, and common law bad faith.

3.　　As more fully set forth below, the State Court Action may be removed, and is removed, to this Court under 28 U.S.C. § 1441.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

4.　　This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the action involving a matter in controversy exceeding the "sum or value of $75,000, exclusive of interests and costs," and being between "citizens of different States."

5.　　In accordance with 28 U.S.C. § 1446(a), copies obtained by Spinnaker of the Complaint and Amended Complaint filed in the State Court Action are collectively attached hereto as **Exhibit 1**.

6.　　**Diversity of parties.** With regard to citizenship of the parties, the following is alleged:

　　a.　　Plaintiff Phoenix Associates, Inc. ("Phoenix") is a West Virginia corporation with its address at 501 East Street, Parkersburg, WV 26101. (Complaint and Amended Complaint, ¶ 1, **Exhibit 1**). Therefore, Phoenix is a citizen of West Virginia.

　　b.　　Defendant Spinnaker is an Illinois corporation engaged in the insurance business, with its principal place of business at 1 Pluckemin Way, Suite 102, Bedminster, NJ 07921. Therefore, Spinnaker is a citizen of Illinois and New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Although the Complaint and Amended Complaint identify Spinnaker's agent for service of process, the Corporation Service Company,

209 West Washington Street, Charleston, West Virginia 25302, that is irrelevant to determining Spinnaker's citizenship. *See Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, 2012 U.S. Dist. LEXIS 97032 (E.D.N.Y. July 6, 2012) ("Where and by what means a party accepts service of process has no bearing on its citizenship"); *Roe v. CitiMortgage, Inc.*, No. ED CV 11-00595 ODW (DTBx), 2011 U.S. Dist. LEXIS 66979 (C.D. Cal. June 22, 2011) ("The location of Litton's registered agent, however, is irrelevant in determining Litton's citizenship.").

   c. Upon information and belief, Defendant SMG Land Development LLC ("SMG") is a Kentucky limited liability company, with its principal place of business at 5520 KY Route 1428, Allen, KY 41601. Its sole member, Glenn David May II, is a citizen of Kentucky. Therefore, SMG is a citizen of Kentucky.

   d. Upon information and belief, Defendant Bank of Hindman, Inc. is a Kentucky corporation, with its principal place of business at 1362 Hindman Bypass, Hindman, KY 41822. Therefore, Bank of Hindman is a citizen of Kentucky.

   e. Upon information and belief, Defendant Greg Isaac ("Isaac") is a resident of Kentucky.

   f. Upon information and belief, Defendant Sheriff of Wood County (the "Sheriff") is a county government located at 1 Court Square, Parkersburg, WV 26101. Therefore, it is a citizen of West Virginia. However, the Sheriff is a nominal party whose citizenship is disregarded for determining diversity jurisdiction. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). Nominal parties are excludable because of the strong interest in ensuring that "only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Id.* The Fourth Circuit defined "nominal" in *Hartford Fire Ins.* as a party "having no immediately apparent stake

in the litigation either prior or subsequent to the act of removal." *Id.* In summation, the inquiry into whether a party is nominal comes down to "whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.*

        g.      This Court has previously looked to four factors in determining whether a party is nominal: 1) the level of control that the party retains over the litigation; 2) the weightiness of the party's interest in the litigation; 3) whether the party has retained counsel; and 4) whether the party has given a statement or deposition. *Owens v. Overstreet*, No. 1:10-00784, 2010 U.S. Dist. LEXIS 120817 at *8 (S.D.W.Va. Nov. 15, 2010).

        h.      Here, the factors laid out in *Owens* uniformly support a finding that the Sheriff is a nominal party. Regarding the first factor, the Sheriff's only relevance to this lawsuit, as alleged in the Complaint and Amended Complaint, is that it holds a lien on the real estate owned by SMG where Phoenix performed work. The Sheriff is not even mentioned outside of the "Parties" section of the Complaint and Amended Complaint, nor does the Sheriff face direct liability under any of the counts. As for the second factor, the Sheriff's interest appears to be entirely speculative, based solely on real estate taxes "that may be currently due or due in the future during the pendency of this litigation." This interest is trifling at best. As for the third and fourth factors, the Sheriff has not yet retained counsel and has not given a statement or deposition. *Owens* thus weighs strongly against finding the Sheriff to be a party in interest and, therefore, the Sheriff's presence as a defendant does not defeat complete diversity.

        i.      The whereabouts of Defendant Otis Baker, a/k/a John Doe, are unknown, but he has not been served with process. Although Phoenix has obtained an Order of Publication from the state court, West Virginia's rules require that the order be published at least once a week for two successive weeks in a newspaper of general circulation in Wood County, where the action

is pending. W. VA. R. CIV. P. 4(c)(1)(E). Following this period, the plaintiff must file the publisher's certificate of publication with the court. *Id.* Until the certificate of publication has been filed, Baker should be considered unserved, and thus his presence in the lawsuit does not affect removal on the ground of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2); *see also Chace v. Bryant*, No. 4:10-CV-85-H, 2010 U.S. Dist. LEXIS 116417 (E.D.N.C. Nov. 1, 2010) (denying motion to remand when forum defendant was served by publication after the notice of removal had been filed).

7.     **Amount in controversy.** The preponderance of the evidence pertaining to the kind and extent of the alleged injuries and damages demonstrates that the amount in controversy from Plaintiff's point of view, and as stated by Plaintiff in the Complaint and Amended Complaint, exceeds $75,000, exclusive of interests, fees, and costs. The jurisdictional amount in a case, along with other diversity requirements, is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. *See Wiggins v. North American Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[T]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). Because removal jurisdiction raises significant federalism concerns, the Fourth Circuit strictly construes removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is challenged, it is the defendant who must demonstrate the court's jurisdiction over the matter. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296-297 (4th Cir. 2008). In this case, the Complaint and Amended Complaint allege that Phoenix was tricked into paying $262,058.11 to "Otis Baker," who impersonated Phoenix staff and diverted payment from SMG to himself. (Complaint and Amended

Complaint and Amended Complaint, ¶¶ 20-21). Phoenix now seeks this amount in damages, along with declaratory and injunctive relief. (Complaint and Amended Complaint, pp. 11-12).

8. Accordingly, it is asserted that the amount in controversy requirement for diversity jurisdiction is satisfied pursuant to 28 U.S.C. § 1446(c)(2)(A). Naturally, Spinnaker reserves the right to argue and prove that no damages were sustained or that, if any damages were sustained, they are less.

9. **Service of process.** Spinnaker has not been served with process. Although it is unclear where "Otis Baker" resides, he has not yet been served. 28 U.S.C. § 1441(b)(2) provides that an action may not be removed if any of the parties in interest properly joined **and served as defendants** is a citizen of the State in which such action is brought. (emphasis added). Although the Fourth Circuit itself has not weighed in on the validity of "snap removal," district courts within the circuit have repeatedly approved of the approach, even when used by an in-state defendant. *See Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 75 (W.D. Va. 2024) (allowing snap removal by a forum defendant); *Androus v. Androus*, 747 F. Supp. 3d 904, 909 (E.D. Va. 2024) (same); *Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 U.S. Dist. LEXIS 118731 (S.D.W.Va. July 17, 2019) (same). Moreover, courts have noted that removal is "intended to protect out-of-state defendants from possible prejudices in state court," a relevant concern here where Spinnaker is an out-of-state defendant. *Spigner v. Apple Hosp. REIT, Inc.*, No. 3:21cv758 (DJN), 2022 U.S. Dist. LEXIS 86059 at *13 (E.D. Va. Mar. 1, 2022).

10. **Timeliness.** Spinnaker has not yet been served and, thus, it has timely removed the State Court Action. Under 28 U.S.C. § 1446, a notice of removal can be "filed within 30 days after the receipt" by a defendant of the complaint. On the topic of computing time, Fed. R. Civ. P. 6(a) is relevant. The 30-day period has not even begun to run.

11. The United States District Court for the Southern District of West Virginia embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

12. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and to the Clerk of the Circuit Court of Wood County, West Virginia, a copy of which is attached hereto as **Exhibit 2**.

13. The Clerk of the Circuit Court of Wood County, West Virginia, has been requested to provide a true and correct copy of the entire state court record for filing with this Court. A copy of the current circuit court docket sheet is attached hereto as **Exhibit 3**.

**WHEREFORE**, Defendant Spinnaker respectfully removes this action from the Circuit Court of Wood County, West Virginia, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, Spinnaker respectfully requests an opportunity to provide briefing and an oral argument as to why removal is proper.

Respectfully submitted the 9th day of February, 2026.

**Defendant,**
**SPINNAKER INSURANCE COMPANY,**
**By Counsel**:

*/s/ Debra Tedeschi Varner*
Debra Tedeschi Varner (WV State Bar #6501)
dtvarner@vv-wvlaw.com
Corey J. Bunch (WV State Bar #14609)
cbunch@vv-wvlaw.com
Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 362-0124

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| PHOENIX ASSOCIATES, INC., | Civil Action No. 2:26-cv-00089 |
| *Plaintiff*, | |
| v. | |
| SMG LAND DEVELOPMENT, LLC, BANK OF HINDMAN, GREG ISAAC as Trustee for the Bank of Hindman, SPINNAKER INSURANCE COMPANY, SHERIFF OF WOOD COUNTY, and OTIS BAKER a/k/a JOHN DOE, | |
| *Defendants*. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2026, I filed the foregoing ***NOTICE OF REMOVAL*** upon counsel of record via one or more of the following methods: (1) electronic notification through the Court's CM/ECF system; and/or (2) facsimile, and/or (3) depositing a true copy in the United States Mail, postage prepaid, in an envelope addressed as follows:

Robert L. Bays, Esquire
rbays@bowlesrice.com
Bowles Rice LLP
501 Avery Street, Fifth Floor
P. O. Box 49
Parkersburg, WV 26102
***Fax: (304) 420-5587***
*Counsel for Plaintiff, Phoenix Associates, Inc.*

/s/ Debra Tedeschi Varner
Debra Tedeschi Varner